**Louis F. MADDEN, Appellant,**

v.

**J.I. CASE COMPANY and Tenneco, Inc., Appellees.**

**No. B14–85–803–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 1, 1986.

J. Ronald Tucker, Houston, for appellant.

Warren Taylor, Timothy D. Riley, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment in a suit for breach of U.C.C. warranties. We affirm.

On May 21, 1975, Case sold a tractor/loader to Big State Equipment Rental, Inc. On July 28, 1977, Tractor Services rented the loader from Big State. On August 9, 1977, while cleaning a work-site with the loader, appellant was struck in the head by a branch which broke some of his facial bones and put out his right eye. On July 28, 1981, appellant sued for breach of implied warranties under the U.C.C. Summary judgment was granted to appellee.

In his second ground of error, appellant argues that the trial court erred in granting the motion for summary judgment as appellant's cause of action was not barred by the four year statute of limitations.

The crucial question is when appellant's cause of action accrued. If, as appellant argues, it accrued at the time of the injury, the suit was brought within the statute of limitations. If, on the other hand, the cause of action accrued at the time of the sale, appellant's suit was untimely.

Tex.Bus. & Com.Code Ann. § 2.725(a), (b) (Vernon 1968) indicates that appellant's cause of action accrued at the time the loader was sold. It reads in part:

(a) An action for breach of any contract for sale must be commenced *within four years after the cause of action has accrued....*

(b) A cause of action accrues when the breach of warranty occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made,* except where a warranty explicity extends to the future.... (emphasis added).

In *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889 (Tex.App.—El Paso 1983, no writ), the plaintiffs bought a used

mobile home which burned causing injury to the plaintiff wife. Plaintiffs sued more than four years after purchase alleging breach of implied warranties. The court held that the cause of action accrued and the period of limitation started to run when delivery occurred. Plaintiffs were not allowed to rely on the exception in Section 2.725(b) because an implied warranty cannot explicitly extend to future performance.

In a more recent opinion, *Fitzgerald v. Caterpillar Tractor Company*, 683 S.W.2d 162 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.), the court followed the decision in *Southerland* by holding that Section 2.725 could not be interpreted to say that a cause of action for breach of implied warranty accrued when a user discovered or should have discovered the breach of warranty. To do so would alter or add to the statute.

Appellant's suit was brought more than six years after the sale of the loader. The plain language of Section 2.725 and the cases interpreting it required the granting of the summary judgment. Given this holding in the second point of error, the first and third points of error do not need to be addressed.

Affirmed.