HANMORE DEVELOPMENT CORPORATION, Appellant,

v.

JBK ENTERPRISES, Appellee.

No. 13-88-522-CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

Paul Q. O'Leary, Jose A. Berlanga, Brownsville, for appellant.

Jeffrey D. Roerig, Brownsville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

JBK Enterprises ("JBK") originally brought suit against Hanmore Development Corporation ("HDC"), Robert C. Hanmore, Thomas M. Ling, Hanmore & Ling, Inc., and Texas Building Systems for damages resulting from the faulty construction of a warehouse with a leaky roof. The alleged causes of action included breach of contract, breach of warranty, negligence, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act. All defendants except HDC settled with JBK either before the commencement of trial or before entry of judgment. The sole appellant, HDC, contests its liability on several grounds.

The jury found that several defendants had violated the DTPA; that such violation was a producing cause of JBK's damages; that some defendants were liable for breach of contract; and that most were negligent in the construction of the roof. However, the only basis in the verdict for HDC's liability was that it "caused confusion as to the source or sponsorship of the building." The jury failed to find that HDC contracted to construct the building, or that it misrepresented the quality of the building to be constructed, or that it was negligent. No issues were directed to HDC being the alter ego of Robert Hanmore. Nevertheless, in its judgment, the trial court concluded "from the entire record: that Robert C. Hanmore and HDC were one and the same entity for purposes of JBK's lawsuit." It further found HDC jointly and severally liable for all the acts of Robert C. Hanmore as found by the jury, and hence, for the entire amount of the judgment. HDC contends on appeal that the trial court erred in overruling its motion for directed verdict because JBK's cause of action against it was barred by limitations. We reverse and render.

Mr. Bailey Reynolds, a partner in JBK, contacted Mr. Robert Hanmore to acquire land in an industrial park in order to have a warehouse constructed. (HDC had developed the industrial park and owned lots in it.) Reynolds and Hanmore reached an oral agreement whereby HDC would deed 3.609 acres of land to JBK, and a 60,000–square–foot warehouse would be constructed on the property. The agreed cost of the land and warehouse was $729,200.00. HDC conveyed the land to Mr. Reynolds, and Robert Hanmore individually entered into a construction contract with Reynolds to build the warehouse with Reynolds giving Hanmore a note secured by a mechanics lien for the construction. Other entities became involved in the warehouse's construction, including Thomas Ling and Hanmore & Ling, Inc. The building was erected by Texas Building Systems.

At trial, Reynolds testified that JBK began occupying the warehouse in January of 1984. He stated that during a rainstorm ocurring that month, he witnessed severe water leakage in the roof of the building. According to Reynolds, the construction of the roof had at that point been completed, and all that remained to be done were various "odds and ends" in the interior of the warehouse.

When efforts to stop the leakage failed, Reynolds contracted Tom Ling of Hanmore & Ling, Inc., who agreed to guarantee the condition of the roof and make all necessary repairs. Reynolds testified that continued leaking caused his company to incur over $200,000.00 in expenses for repairs, protection of the interior of the building, consultant fees, and client's claims for damage. He subsequently brought suit against all contractors and subcontractors involved in the construction of the ware-

house. The principal issues at trial were which defendants had responsibilities for the construction and were at fault.

■ At the close of JBK's case-in-chief, HDC moved for directed verdict, contending that JBK's DTPA action against HDC was barred by limitations. By its second point of error, HDC argues the trial court erred in overruling its motion. A directed verdict is proper if the evidence proves conclusively the truth of fact propositions which, under the substantive law, establish the right of the movant, or negate the right of his opponent to judgment. *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.).

■ Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987) provides that any DTPA action must be brought "within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." Here, the alleged deceptive act occurred before or during construction of the roof. After construction was completed, the roof was discovered to leak. Therefore, the point at which the statute begins to run corresponds to the date on which JBK first discovered that its roof leaked. *See Tenowich v. Sterling Plumbing Co.*, 712 S.W.2d 188, 190 (Tex.App.— Houston [14th Dist.] 1986, no writ) (two-year statute of limitations applicable to DTPA suit began to run on date plaintiffs first discovered multiple leaks in pipes and were alerted to existence of serious plumbing problem).

■ At trial, Reynolds testified without contradiction that during January of 1984, he personally witnessed the roof leaking after its construction had been completed and following his occupancy of the premises. Although the record does not reflect the exact date on which the discovery occurred, it does reflect that on January 17, 1984, Reynolds entered into an agreement with Thomas H. Ling and Hanmore & Ling Construction Co., whereby he accepted the warehouse and received a guarantee for repairs for five years. Reynolds stated he entered into the guaranty agreement in an effort to "pin somebody down" to repairing the roof so that he could convert his construction loan into a permanent loan. He knew the roof leaked at that time, and was providing for future repairs and responsibility for repairs. Clearly then, JBK's cause of action accrued no later than January 17, 1984. In order to comply with the two-year statute of limitations, JBK therefore would have to have filed suit against HDC by January 17, 1986.

JBK filed one original petition and five amended petitions. The original petition, which names HDC as a defendant, was not filed until March 3, 1986, and was barred by limitations.

■ Moreover, assuming *arguendo* the original complaint was timely filed, JBK's first through fourth amended petitions failed to designate HDC as a defendant in the lawsuit. The omission of a party in an amended pleading operates as a voluntary dismissal of that party. *Webb v. Jorns*, 488 S.W.2d 407, 419 (Tex.1972). Although HDC is mentioned in the bodies of the first through fourth amended complaints, its name fails to appear in either the case styles or the complaint paragraphs. HDC was therefore "omitted" as a defendant. *Chamberlain v. McReight*, 713 S.W.2d 372, 373–74 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.). Thus, HDC was no longer a party to the action when JBK filed its first amended petition. When JBK brought HDC back into the suit by renaming it as a defendant in its fifth amended petition dated November 19, 1987, the two year statute of limitations had long since run. Thus, the defense of limitations, which is supported by HDC's pleadings, barred JBK's cause of action against HDC and amply supported the motion for directed verdict. *See Johnson v. Coca–Cola Co.*, 727 S.W.2d 756, 758 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). The trial court erred in overruling HDC's motion. We sustain point of error two.

In light of our disposition of HDC's second point, the remaining points of error are

not dispositive and need not be addressed. Tex.R.App.P. 90(a).

The judgment of the trial court is REVERSED and RENDERED that JBK take nothing in its suit against Hanmore Development Corporation.