Jim **BUFFINGTON** and Sue **Buffington, Appellants,**

v.

Gerry E. **LEWIS, Appellee.**

No. 01–91–00749–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 23, 1992.

Sherry B. Angelo, Houston, for appellants.

Joe B. Henderson, Thomas A. Leeper, Huntsville, for appellee.

Before MIRABAL, SAM BASS and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of the defendant. We affirm in part, and reverse and remand in part.

Appellants, Jim and Sue Buffington, filed suit against Gerry E. Lewis, appellee, alleging he had sold them a house without revealing that it had a defective sewer system and fractured foundation. Appellants asserted causes of action based on violations of the Deceptive Trade Practices Act[1], fraud, and breach of implied warranty. Appellants filed suit approximately eight and a half years after the date of their purchase of the home.

Appellee filed a general denial, and additionally asserted the two- and four-year statutes of limitations as bars to appellants' right to recover. Appellee then moved for summary judgment, arguing that the limitation provisions of TEX.CIV. PRAC. & REM.CODE ANN. § 16.004, 16.009, and 16.051 (Vernon 1986), and TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987), barred the suit. The trial court granted summary judgment against appellants.

In their second point of error, appellants assert the trial court erred in granting summary judgment because there was a material fact issue raised regarding the issue of limitations bar.

When a defendant moves for summary judgment on the affirmative defense of limitations, he assumes the burden of showing as a matter of law that the suit

---

1. TEX.BUS. & COM.CODE ANN. § 17.41 (Vernon 1987).

was barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). When an issue regarding discovery of the alleged defects has been raised by the pleadings, the defendant must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990).

■■■ Generally, a cause of action accrues when facts come into existence which authorize a claimant to seek a judicial remedy. *Rose v. Baker & Botts*, 816 S.W.2d 805, 810 (Tex.App.—Houston [1st Dist.] 1991, writ denied). The discovery rule is an exception to the general rule of accrual. *Id.* It is a judicially-created test to determine when a plaintiff's cause of action accrues. *Id.* When applied, the rule tolls the running of the statute of limitations until the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury. *Id.*

The Texas Supreme Court has expressly held that actions based on breach of warranty are not subject to the discovery rule unless future performance was contemplated under the contract. *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex.1986). Absent the future performance exception, a warranty action accrues when delivery occurs and must be brought within four years after accrual. *Id.;* TEX.BUS. & COM.CODE ANN. § 2.725 (Vernon 1968).

Appellants' warranty action accrued at the time of the sale. *Madden v. J.I. Case Co.*, 712 S.W.2d 181, 182 (Tex.App.—Houston [14th Dist.] 1986, no writ). Because appellants' suit was brought almost 8½ years after the sale, and appellants did not prove a future performance exception, the statute of limitations bars the warranty action. *Id.* Summary judgment was properly granted as to appellants' breach of warranty cause of action.

■■■ Actions for fraud must be commenced within four years after the fraud is perpetrated. *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex.1990). If, however, the fraud is concealed or is not known to the injured party, the statute of limitations begins to run from the time the fraud is discovered or could have been discovered by the defrauded party's exercise of reasonable diligence. *Rose*, 816 S.W.2d at 810 (citing *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438, 440 (1940)). The defendant bears the burden of proof in negating the discovery rule. *Burns*, 786 S.W.2d at 267.

The legislature incorporated the discovery rule into the DTPA. *Burns*, 786 S.W.2d at 267. With regard to DTPA actions, TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987), indicates that:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading or deceptive act or practice.

■■■ Under this section, the defendant bears the burden of establishing, as a matter of law, when the plaintiff either discovered or should have discovered the acts giving rise to the cause of action to negate the discovery rule. *Burns*, 786 S.W.2d at 267.

Appellee relied on the pleadings and appellants' answers to interrogatories to support his motion for summary judgment. He specifically referred to appellants' admission that at the time they purchased the house they were aware of one stress crack on an outside wall of the house. The answer to the interrogatory reads in full:

> Question 1(b): [What was] the condition of the home at the time of the sale[?]

> Answer: There was one stress crack on the outside north wall below the master bedroom window that was repaired by Mr. Ibison at the request of Mr. Lewis prior to the closing.... This was the only problem found at that time.

Appellants argue that their answers to interrogatories, and their affidavits attached to their response to the motion for summary judgment, created a fact issue regarding when appellants knew or should have known of the alleged defects in the house. Appellants' affidavits state that when they purchased the house from appellee, appellee did not disclose the latent defects on the property and that appellants "had no reason to discover the following defects and did not discover them until April 25, 1988...." [2] The alleged defects consist of brick, mortar, and foundation cracks; severe deflection and binding in the window frames; settlement on the sidewalk; slow failure in the retaining walls; severe seepage through the basement walls; and septic sum discharge pit problems.

Appellee argues that appellants have the burden to create a fact issue with regard to the discovery rule by providing facts that indicate they did not know and should not have known of the house's defects. Appellee argues that appellants' statement that they "had no reason to discover ... the defects" is merely conclusory and insufficient to raise a fact issue. In support of this contention, appellee relies on *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984), and *Sherard v. Smith*, 778 S.W.2d 546 (Tex.App.—Corpus Christi 1989, writ denied).

In *Mercer*, 676 S.W.2d at 583, the court stated that "a legal conclusion in an affidavit is insufficient to raise an issue of fact in response to a motion for summary judgment." The movant's affidavit asserted that a previously executed deed of trust was sufficient to "renew and extend" its security interest. *Id.* at 581, 583. The court held that such an assertion was merely conclusory and insufficient to raise a fact issue. *Id.* at 583.

In *Sherard*, 778 S.W.2d at 549, the court followed the *Mercer* decision and found the nonmovant's affidavit insufficient to create a fact issue. The affidavit asserted that

the relationship between a farmer and a grain hauler was one of employer and employee, under which the hauler was subject to the farmer's supervision and control *Id.* The court found this assertion to be conclusory and insufficient to create a fact issue. *Id.*

These cases are distinguishable because both affidavits contained conclusions of law. Appellants' statements that they "had no reason to discover the following defects and did not discover them until April 25, 1988 ..." are not conclusions of law.

Additionally, appellee argues that because he, at appellants' request, repaired cracks around the date of sale, appellants were aware of any alleged defect; therefore, no fact issue exists. Appellee relies on *Hanmore Dev. Corp. v. JBK Enters.*, 776 S.W.2d 738 (Tex.App.—Corpus Christi 1989, writ denied); and *Tenowich v. Sterling Plumbing Co., Inc.*, 712 S.W.2d 188 (Tex.App.—Houston [14th Dist.] 1986, no writ), for authority.

In *Tenowich*, the court held that the statute of limitations began to run when the appellants realized there was a serious plumbing problem throughout the house. 712 S.W.2d at 190. Similarly, the court in *Hanmore Dev. Corp.* held that the statute of limitations began to run when appellants discovered "severe water leakage in the roof." 776 S.W.2d at 739–40. In both cases the statute of limitations did not begin to run until the parties were aware of *extensive* damage. *Hanmore Dev. Corp.*, 776 S.W.2d at 739–40; *Tenowich*, 712 S.W.2d at 190;

Appellants claim they were not put on notice of the extent of damage when, prior to closing, the one stress crack on the outside wall was repaired. Appellants argue the summary judgment evidence indicates that they could not and did not discover the severity of damage until April 1988, when an engineer inspected the premises.

---

**2.** The appellants' answers to interrogatories reflect that April 25, 1988 was the date a structural inspection of the home was conducted by a registered professional engineer. Suit was filed April 13, 1989.

We find appellants' affidavits and responses to interrogatories raise a material fact issue regarding when they knew or should have known of the defects, and the extent of the defects. Appellee did not negate the discovery rule by proving as a matter of law when appellants either discovered, or should have discovered, the acts giving rise to their causes of action. *Burns,* 786 S.W.2d at 267.

We sustain point of error two as it relates to the causes of action for fraud and DTPA violations. We overrule point of error two as it relates to the breach of implied warranty cause of action because, as earlier stated, appellants' cause of action for breach of warranty was barred by the applicable statutes of limitations.

Based on our ruling on point of error two, we find it is unnecessary to discuss appellants' remaining points of error, and we decline to do so.

We affirm the summary judgment to the extent it dismisses, with prejudice, appellants' cause of action based on breach of warranty. We reverse the remainder of the summary judgment, and remand the case to the trial court.