**TRANSPORTATION INSURANCE COMPANY, Continental Casualty Company, and CNA Financial Corporation, Appellants,**

v.

**Carlson D. ARCHER and Donna Archer, Appellees.**

No. 2–91–211–CV.

Court of Appeals of Texas, Fort Worth.

June 3, 1992.

Rehearing Overruled Aug. 12, 1992.

Cantey & Hanger, Sloan B. Blair, Paul Boudloche, Fort Worth, Ross, Dixon & Masback, Peter G. Thompson, Charles I. Hadden, Andrew L. Shapiro, Washington, D.C., for appellants.

Haynes and Boone, L.L.P., David E. Keltner, Craig M. Price, Karen S. Precella, Fort Worth, Woodruff, Fostel, Wren & Simpson, Michael A. Simpson, John H. Fostel, Bridgeport, Sewell & Forbis and Ed Forbis, Decatur, for appellees.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Transportation Insurance Company, Continental Casualty Company, and CNA Financial Corporation, which we will refer to collectively as CNA, appeal from a judgment entered following a jury trial in favor of Carlson D. "Dwayne" and Donna Archer. The Archers recovered actual and exemplary damages for an intentional breach of the duty of good faith and fair dealing, knowing violations of the Texas Deceptive Trade Practices Act, and the Texas Insurance Code. Donna recovered damages for familial interference. The claims in question arose from CNA's handling of Dwayne's workers' compensation claim.

In sixteen points of error, CNA contends that Donna is not entitled to either actual or exemplary damages because she lacks standing to sue under either the theory of breach of the duty of good faith and fair dealing or for a violation of the Texas Insurance Code. It urges that, even if she does have standing, she failed to submit and obtain findings on the essential elements of her claim and is not entitled to a derivative recovery. It further contends that she is not entitled to recover exemplary damages because she was not entitled to recover actual damages, she may not recover exemplary damages based on a derivative recovery of actual damages, and was not entitled to an unlimited exemplary damage recovery. It insists that as Donna is not entitled to exemplary damages, the entire exemplary damage award must be set aside.

CNA also urges that the award of $5 million in exemplary damages is excessive because TEX.CIV.PRAC. & REM.CODE ANN. § 41.001 et seq. (Vernon Supp.1992) limits the award of exemplary damages to four times actual damages and because the exemplary damages are not reasonably proportioned to the actual damages. It also contends that the trial court abused its discretion by not instructing the jury that the exemplary damages must be reasonably proportional to the actual damages. Further, it insists that a lack of proportionality between the actual and exemplary damages is unconstitutional and that the procedures followed in Texas in awarding and reviewing exemplary damages is unconstitutional.

We reverse and remand for a new trial because: (1) Donna neither pled nor obtained jury findings as to loss of consortium; (2) Donna neither pled nor proved facts that would entitle her to damages for mental anguish; (3) Donna had no independent right of recovery for CNA's breach of duty of good faith and fair dealing as to Dwayne; (4) since Donna was not entitled to recover actual damages, she was not entitled to recover exemplary damages; and (5) the jury question relating to exemplary damages was submitted as to both Dwayne and Donna, including an instruction to consider the situation and sensibilities of the parties concerned, leading us to the conclusion that the exemplary damage award included an award to Donna.

This suit resulted from the denial and delay of benefit payments to Dwayne by CNA, his workers' compensation carrier, following an injury he suffered to his knee while working for Texas Industries.

■ CNA contends in points of error numbers three and four that the trial court erred in awarding judgment to Donna because she failed to plead or prove a loss of consortium and because she failed to submit or obtain a finding as to a loss of consortium.

Donna and Dwayne alleged that CNA's intentional actions caused them to sustain familial interference. The jury found that $2,500 would fairly and reasonably compensate Donna for the interference with family relationships that she has suffered in the past.

Consortium includes "the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, and sexual relations necessary to a successful marriage." *Whittlesey v. Miller*, 572 S.W.2d 665, 666 (Tex.1978). An action for loss of consortium accrues upon the substantial impairment of these elements. *Id.* One could interfere with family relationships without substantially impairing these elements. Consequently, Donna's pleading familial interference and obtaining damages for interference with family relationships is not the same as pleading and proving loss of consortium,

because a recovery for mere interference with family relationships is not recognized in our law.

■ Donna urges that her claim is the same, but her argument is based only upon the fact that in the treatise TEXAS TORTS AND REMEDIES the authors list loss of consortium under the heading "Interference with Emotions." *See* 4 J. EDGAR & J. SALES, TEXAS TORTS AND REMEDIES, § 82.03[1] (1992). While it might be that a loss of consortium would ordinarily constitute an interference with emotions, it does not follow that every interference with emotions necessarily constitutes loss of consortium, a substantial impairment of the elements that make up a marriage relationship. Conduct causing loss of consortium would certainly constitute familial interference or interference with family relationships. But interference with family relationships, although it might in some circumstances rise to the level of loss of consortium, is not the equivalent of loss of consortium as urged by Donna. Therefore, she did not plead or obtain a finding of loss of consortium. We hold that there is no right of recovery for damages for interference with familial relationships as between a husband and wife that does not rise to the level of loss of consortium. We sustain points of error numbers three and four.

■ CNA contends in point of error number one that Donna had no standing to sue for breach of the common law duty of good faith and fair dealing. A workers' compensation insurance carrier owes a duty to an injured employee to deal fairly and in good faith with that employee in the processing of the employee's compensation claim. *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 212–13 (Tex. 1988). The carrier's duty arises out of a special relationship created by the contract between the employee, the employer, and the carrier. *Id.* at 212. Because an employee's spouse is not a party to the contract the spouse does not have such a "special relationship" with the carrier. Consequently, although the carrier owes a duty to the employee to deal with his claim fairly and in good faith, it does not owe

such a duty to the employee's spouse. Therefore, the spouse has no cause of action against the carrier for the breach of duty of good faith and fair dealing in connection with the carrier's handling of the claim.

Donna argues that several Texas courts have recognized the rights of spouses to join the injured spouse in a claim against an insurer for breaching its duty of good faith and fair dealing. She refers us to the cases of *Torchia v. Aetna Casualty & Sur. Co.*, 804 S.W.2d 219, 225 (Tex.App.— El Paso 1991, writ denied) and *Underwriters Life Ins. Co. v. Cobb*, 746 S.W.2d 810, 819 (Tex.App.—Corpus Christi 1988, no writ). We have examined both of these cases and find that they each involve situations in which a spouse had obtained or sought recovery for the carrier's breach of duty of good faith and fair dealing in handling the claim of an injured spouse, but neither opinion discusses whether a spouse in fact has an independent right of recovery under this theory.

Donna further contends that she would have a derivative right of recovery against CNA for loss of consortium caused by its breach of the duty of good faith and fair dealing as to Dwayne. However, as we have noted, *Donna neither pled nor obtained jury findings based on the theory of loss of consortium*. Because we hold that Donna has no independent right of recovery under this theory and because she neither pled nor obtained a jury finding as to any right of derivative recovery for loss of consortium, we sustain point of error number one.

CNA argues in point of error number two that Donna had no standing to sue CNA for violations of the Texas Insurance Code. However, as noted by CNA, Donna did not elect to recover under the Insurance Code. *Consequently, we overrule point of error number two.*

■ CNA insists in point of error number five that Donna is not entitled to recover mental anguish damages under Texas law. As CNA points out in its brief, in order to recover mental anguish damages for a tort committed against another, a plaintiff who is appropriately related to the injured party must contemporaneously observe the accident causing the injury from at or near the scene of the accident, and the accident must have a direct emotional impact upon the plaintiff. *See Reagan v. Vaughn*, 804 S.W.2d 463, 467 (Tex.1990) (motion for rehearing overruled in part, granted in part on other grounds). As can be seen, Donna did not plead or prove allegations that would entitle her to recover damages for mental anguish.

Donna, in response to this point of error, does not argue that she in fact was entitled to recover mental anguish damages, only that CNA failed to preserve its error by not making an appropriate objection to question number 12, the question that inquired as to damages suffered by Donna. CNA objected to the submission of question number 12 in its entirety because the only basis upon which Donna might recover damages would be loss of consortium and she had not pled a claim for loss of consortium. We hold that the trial court erred in submitting question number 12 and that CNA preserved error as to its improper submission. We sustain point of error number five.

■ CNA contends in point of error number seven that the trial court erred in awarding exemplary damages to Donna because she was not entitled to recover actual damages from CNA. We have previously determined that Donna was not entitled to the actual damages for mental anguish or interference with family relationships as found by the jury in answer to special questions. A plaintiff may not recover exemplary damages unless he or she recovers actual damages. *Bellafonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 745 (Tex.1986). Consequently, since Donna is not entitled to recover actual damages, she is also not entitled to recover exemplary damages. We sustain point of error number seven.

Because of our holdings with respect to these points of error, we need not consider CNA's remaining points of error.

In view of the fact that the question concerning exemplary damages was submitted as to both Dwayne and Donna and included an instruction that the jury was to consider the situation and sensibilities of the parties concerned, we are of the opinion that the amount awarded for exemplary damages would include an award to Donna. Consequently, we hold that the jury's verdict on exemplary damages, if allowed to stand, would result in an improper judgment in this case.

We reverse the judgment and remand this cause for a new trial.