Earl N. PALMER, Appellant,

v.

SEARS, ROEBUCK & CO., Appellee.

No. 2–97–276–CV.

Court of Appeals of Texas,
Fort Worth.

May 14, 1998.

---

**1.** Act of May 29, 1989, 71 st Leg., R.S., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3492; Act of May 27, 1993, 73 rd Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3759.

Johnson, Johnson & Rothfelder and Richard Charles Kline, Fort Worth, for appellant.

Vial, Hamilton, Koch & Knox, J. Mark Hansen, Dallas, for appellee.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

### Introduction

This is an appeal from a summary judgment granted in favor of Sears, Roebuck and Co. ("Sears") and against Earl Palmer ("appellant") on the basis that Palmer's cause of action was barred by limitations. In three points, appellant argues the trial court erred in granting summary judgment for Sears because a fact issue exists as to whether appellant's cause of action was barred by limitations and because Sears failed to prove the inapplicability of the discovery rule to toll limitations on appellant's cause of action. Because we conclude the trial court properly granted summary judgment for Sears on the issue of limitations, we affirm.

### Summary of Facts and Procedural Background

In April 1993, Sears performed repairs on appellant's air conditioner. During the repairs, a Sears technician added ductboard to the plenum. Approximately one month later, appellant noticed a leak in the unit where the repairs had been made, causing water to accumulate in the return box area. On June 11, 1993, appellant contacted Sears, requesting that the water leak and resulting damage be repaired. Sears returned on June 16, 1993, but the problem was not resolved. Sears performed subsequent work on July 10, 1993 and July 22, 1994. Appellant became ill around the middle of October 1994 and began to suspect that environmental factors were the cause of his illness. On or about November 8, 1994, appellant began treatment for severe allergic reaction and environmental illness.

An environmental audit was conducted in appellant's home on November 21, 1994. A preliminary determination was made that mold and sporing from the air conditioner leak were causing appellant's injuries. On September 27, 1996, appellant filed his Original Petition against Sears seeking recovery for property damage and personal injuries arising from Sears's negligent repair of his air conditioner.

On April 4, 1997, Sears filed its First Supplemental Answer and its Motion for Summary Judgment based on limitations grounds. On May 8, 1997, appellant filed his Second Amended Petition alleging that his personal injuries were not discernable until October 16, 1994 and pleading that under the discovery rule, the statute of limitations was tolled until that time.

Appellant responded to Sears's motion for summary judgment with an affidavit alleging that he could not, through the exercise of reasonable diligence, have known of his personal injuries before October 1994 when these physical injuries first manifested themselves. Sears filed a reply to appellant's response and filed written objections to appellant's affidavit and other exhibits on the basis of hearsay. After a hearing on May 28, 1997, the trial court sustained Sears's objections and granted its Motion for Summary Judgment.[1]

### Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

1. Because both parties conceded during oral argument that we need not address the hearsay issue in resolving this appeal, we will limit our discussion to the topic of limitations.

The burden of proof is on the movant and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990); *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded, and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *See City of Houston,* 589 S.W.2d at 678.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *See Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

## Statute of Limitations and the Discovery Rule

■ The trial court granted summary judgment for Sears based on the affirmative defense of limitations. The applicable statute of limitations required appellant to file suit not later than two years after the day his cause of action accrued. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp. 1998). In three points, appellant argues that the trial court erred in granting summary judgment for Sears because a fact issue exists as to whether his cause of action was time-barred and because Sears failed to prove as a matter of law that the discovery rule did not operate to toll the limitations period on appellant's cause of action.

Appellant acknowledges that he knew of his property damage, the first injury for which he could sue, in May of 1993 but insists that he could not know of his physical injuries until, at the earliest, October of 1994 when they first manifested themselves. Appellant asserts that the discovery rule operated to toll the limitations period until October of 1994 on his suit for personal injuries.

■ Generally, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of the injury. *See Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990); *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); Mitchell Energy Corp. v. Bartlett, 958 S.W.2d 430, 436 (Tex.App.—Fort Worth 1997, no writ). The discovery rule is a judicially conceived exception to the statute of limitations to be used by courts in determining when a cause of action accrues. *See Moreno,* 787 S.W.2d at 353; Mitchell Energy, 958 S.W.2d at 436. When applied, the rule operates to toll the limitations period until the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered the *"fact of injury." Moreno,* 787

S.W.2d at 357 (emphasis in original); Mitchell Energy, 958 S.W.2d at 436.

The Texas Supreme Court has explained the legal injury rule as follows:

> If ... the act of which the injury was a natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, *be the damage however slight,* limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar.

*Tennessee Gas Transmission Co. v. Fromme,* 153 Tex. 352, 269 S.W.2d 336, 337–38 (1954) (quoting *Houston Water Works Co. v. Kennedy,* 70 Tex. 233, 8 S.W. 36, 37 (1888)) (emphasis added). *Tennessee Gas* was a landowner's action for damage to her land and livestock caused when water from the defendant's gas transmission plant overflowed onto her land. The Court held that the landowner's negligence claim was barred by limitations because the landowner brought her suit more than two years after the water first flowed onto her land, even though the greater part of the damage did not occur until the two years immediately preceding her suit. *See id.; see also City of Abilene v. Smithwick,* 721 S.W.2d 949, 952 (Tex.App.—Eastland 1986, writ ref'd n.r.e.) (holding that negligence claims for property damages and personal injuries caused by a sewer backing up onto the landowner's property accrued when the first damage from the backup occurred).

In another limitations case, the plaintiff discovered in 1972 that her pelvic inflammatory disease had been caused by her IUD. *See Coody v. A.H. Robins Co.,* 696 S.W.2d 154, 155 (Tex.App.—San Antonio 1985, writ dism'd by agr.). In 1979, the plaintiff discovered that the IUD in question was a Dalkon Shield and that it was defectively designed. *See id.* The plaintiff argued that the limitations period did not begin to run until 1979, but the court affirmed the summary judgment granted in the manufacturer's favor, holding that the plaintiff had sufficient knowledge in 1972 to justify bringing suit and that the discovery rule did not operate to toll the running of the limitations period until such time as she discovered all elements of her cause of action. *See id.* at 156.

Similarly, in *Pecorino,* the plaintiff, who had previously settled and released an asbestos claim, tried later to sue for an asbestos-induced mesothelioma. *See Pecorino v. Raymark Industries, Inc.,* 763 S.W.2d 561, 562 (Tex.App.—Beaumont 1988, writ denied). Citing *Tennessee Gas* and *Coody,* the court of appeals affirmed summary judgment for the defendants based on the statute of limitations. *See id.* at 569. The court stated, "[w]e conclude that Texas law is now well-settled that a plaintiff has but one cause of action for the losses, injuries, and damages arising from a single breach of duty, a single causal connection, being a single cause of action." *Id.* at 569.

In another asbestos case, the Fifth Circuit held that the plaintiff could not split his cause of action, recover damages for asbestos, later sue for damages caused by another pulmonary disease that might develop, and then still later sue for cancer should it appear. *See Gideon v. Johns–Manville Sales Corp.,* 761 F.2d 1129, 1136–37 (5th Cir.1985). The court concluded:

> [O]nce injury results there is but a single tort and not a series of separate torts, one for each resultant harm. The cause of action thus created is for all the damage caused by the single legal wrong, and a plaintiff may not split this cause of action by seeking damages for some of his injuries in one suit and for later-developing injuries in another. The cause of action "inheres in the causative aspects of a breach of a legal duty, the wrongful act itself, and not in the various forms of harm which result therefrom...." [The plaintiff] does not have a discreet cause of action for each harm.

*Id.*

Appellant asks this court to disregard the well-developed case law cited above and create an exception to the limitations statute for late-discovered, latent injuries or damages. Appellant conceded that he discovered the

first of his injuries, the damage to his home, in the spring of 1993, more than three years before he filed suit. A careful reading of appellant's pleadings and the evidence introduced in the case conclusively reveals that his legal rights were invaded the moment water began leaking from the supposedly repaired air conditioner and damaging his property. Water was leaking from the unit and damaging appellant's property as early as May 1993.

Appellant's cause of action accrued at the time Sears negligently performed the repairs to his air conditioner, and not on the date when the extent of the resulting damages were fully ascertainable. Appellant had two years from May of 1993 to bring his cause of action against Sears. Even after appellant realized in November 1994 that his physical injuries may have been caused by Sears's negligent repair of his air conditioner, appellant still had six months remaining in which he could have brought suit against Sears. However, appellant waited until September 1996 to file his cause of action. At that time, appellant's cause was barred by limitations. We conclude that because Sears conclusively proved as a matter of law all elements of the affirmative defense of limitations such that there is no genuine issue of material fact, the trial court correctly granted summary judgment for Sears. *See Randall's Food,* 891 S.W.2d at 644. Accordingly, appellant's first, second, and third points are overruled.

### Conclusion

Having overruled all three of appellant's points on appeal, we affirm the summary judgment that appellant take nothing against Sears.