Affirmed in Part, Reversed and Remanded in Part, and Majority and
Dissenting Opinions filed July 7, 2005









Affirmed in Part, Reversed and Remanded in Part, and
Majority and Dissenting Opinions filed July 7, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00993-CV

____________

 

BRENDA S. CANNON, Appellant

 

V.

 

UNIVERSITY TRACE
CONDOMINIUM ASSOCIATION, Appellee

 



 

On Appeal from the 157th
District Court

Harris County, Texas

Trial Court Cause No. 2000-46115

 



 

M A J O R I T Y  O P I N I O N

Appellant Brenda S. Cannon challenges the
trial court=s grant of summary judgment in favor of
appellee University Trace Condominium Association.  By two points of error, appellant contends
the trial court erroneously dismissed her causes of action based on
limitations.  We affirm in part and
reverse and remand in part.       

Factual and
Procedural Background








 
Appellant purchased a condominium unit in the University Trace
Condominiums  complex and lived in the
unit from March 1993 to September 1998. 
The University Trace Condominiums were managed by University Trace
Condominium Association (AUTCA@), which was
responsible for repair and maintenance of all common areas of the complex,
including the exterior walls.  When
appellant moved into the condominium in March 1993, she immediately began
having problems with water seeping into her unit from the exterior wall.  She notified UTCA each time water entered her
unit, and after each complaint, UTCA sent a repairman to her unit to repair the
damage and fix the problem.  On November
1, 1993, appellant wrote a letter to UTCA regarding the Acontinual leaking
of the outside wall@ and noted the previous repairs did not
remedy the problem.  In her letter,
appellant expressed concern about the intruding water because it indicated the
interior sheetrock and insulation of her unit were getting wet and damaged.  

Appellant also began having medical problems
in March 1993.  She testified in her
deposition that she began having thyroid problems, upper respiratory
infections, headaches, cold feet, and chills in the spring and summer of 1993.  By the fall of 1993, appellant suffered from
dizziness, insomnia, unusual fatigue, light sensitivity, sound sensitivity,
cold sensitivity, loss of short-term memory, muscle pain, and generally noticed
she could not do things she had done in the past, such as balancing her
checkbook.  In 1994, appellant noticed
she was losing weight, had dry skin, was depressed, and had an unusually bitter
taste in her mouth.  Appellant had
learned in 1992 that she was allergic to mold, and she had been receiving
allergy shots since September 1993 for her dust and mold allergies.  Appellant went on disability in the spring of
1994 and began receiving disability retirement checks shortly thereafter.    








In 1997 and 1998, appellant made
additional complaints about intruding water, and each time appellant
complained, UTCA sent a repairman to examine and repair the problem.  In September 1998, UTCA removed portions of the
sheetrock inside appellant=s unit.  Upon removal of the sheetrock, the repairman
determined the exterior brick weep holes were blocked, preventing water behind
the brick from properly draining. 
Additionally, when the interior of the wall was exposed, mold was
discovered throughout the interior of the leaking wall.  Almost immediately upon the discovery of the
mold, a rash broke out on appellant=s skin, and she
began experiencing hair loss.  Because of
her severe allergies to mold, appellant stayed at a nearby motel until the unit
could be repaired.  Appellant and UTCA,
however, never came to an agreement regarding how and when to repair the unit,
and appellant never returned to live in her condominium.    

On September 8, 2000, appellant filed suit
against UTCA alleging negligence, gross negligence, and breach of
contract.  UTCA filed a traditional
motion for summary judgment contending appellant=s claims were
barred by the statute of limitations because all claims accrued no later than
November 1, 1993, the date appellant wrote the letter to UTCA complaining of
the intruding water.  The trial court
granted UTCA=s motion for summary judgment on all of
appellant=s claims. 
On appeal, appellant contends the trial court erred by failing to
account for the doctrines of continuing breach of contract, continuing tort,
and continuing violation. 

Standard of
Review

The movant for summary judgment has the
burden to show there is no genuine issue of material fact and it is entitled to
judgment as a matter of law.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  We take all evidence favorable to the nonmovant
as true, indulge every reasonable inference in favor of the nonmovant, and
resolve any doubts in her favor.  KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  A defendant moving for summary
judgment on the affirmative defense of limitations must establish as a matter
of law that the applicable statute of limitations bars the action.  Thus, the defendant must conclusively prove
when the cause of action accrued and must negate the applicability of the
discovery rule if pled by the non-movant. 
If the movant establishes the bar of limitations, the nonmovant must
submit summary judgment proof raising a fact issue in avoidance of
limitations.  Id. 

 








Discussion

I.        Breach
of Contract

A.      Limitations

The limitations for a breach of contract
cause of action is four years.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.051 (Vernon
1997); Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002).  In her first issue, appellant contends the
trial court erred in dismissing her breach of contract claim on statute of
limitations grounds.[1]  Appellant=s second amended
petition alleges that between the Fall of 1997 and September of 1998 UTCA
failed to repair the exterior wall of her condominium unit and that such
failure constituted a breach of the Declaration and Master Deed.  UTCA contends appellant knew the attempted
repairs were insufficient in 1993; thus, her cause of action for breach of
contract accrued, at the latest, when she wrote the letter to UTCA in November
1993.  Appellant filed suit against UTCA
on September 8, 2000.








In support of its argument, UTCA relies on
Booker v. Real Homes, Inc., 103 S.W.3d 487 (Tex. App.CSan Antonio 2003,
pet. denied) and Palmer v. Sears, Roebuck & Co., 969 S.W.2d 582
(Tex. App.CFort Worth 1998, no pet.), two cases it
claims are directly on point.  Although
each case is factually similar in that they discuss the accrual of a cause of
action involving mold, neither case involves dismissal of a breach of contract
claim.  In Booker, the court
dismissed Booker=s claims for negligence, gross negligence,
negligent misrepresentation, intentional infliction of emotional distress, and
DTPA on limitations grounds, but not the breach of contract cause of
action.  103 S.W.2d at 490B91.  In Palmer, the plaintiff did not
allege a breach of contract claim.  969
S.W.2d at 583.  Thus, although these
cases may be instructive on other causes of action, they are irrelevant to our
determination of whether the trial court properly dismissed appellant=s breach of
contract claim.

B.      UTCA=s Conduct As
Continuing Breach

UTCA focuses on the date appellant first
knew of the initial leaks and possible damage to her condominium unit; however,
appellant=s breach of contract claim is based on the
alleged repairs made in 1997 and 1998. 
Thus, according to appellant, because she filed her lawsuit in September
2000, her claims for breach of contract based on the repairs made in 1997 and
1998 are not barred by the four-year statute of limitations.  Appellant alleged a continuing breach by UTCA
of its duty to repair and maintain the common elements of the condominium
complex.   








As the movant, UTCA had the burden of
proving no issue of material fact exists as to the accrual date of any cause of
action claimed by appellant.  KMPG
Peat Marwick, 988 S.W.2d at 748.  A
claim for breach of contract based on a continuing duty to repair is not barred
by the statute of limitations simply because the original leak occurred outside
the statute.  McCreless Props., Ltd.
v. F.W. Woolworth Co., 533 S.W.2d 863, 867 (Tex. App.CSan Antonio 1976,
writ ref=d n.r.e.) (finding
that although leak and corrective work occurred in 1969, obligation to make
further repairs dated from 1971 so that action brought in 1973 was not barred
by four-year statute of limitations); see Stubblefield v. Courtland Village
Townhomes Homeowner=s Ass=n, No.
01-98-00258-CV, 1999 WL 280481, at *2B3 (Tex. App.CHouston [1st
Dist.] May 6, 1999, no pet.) (not designated for publication) (holding
association not entitled to summary judgment on limitations grounds when it
only showed original leak occurred outside statute of limitations where
plaintiff alleged fraud and a continuing breach of covenant to repair and
maintain the roof of the building and filed 
supporting summary judgment evidence in support of same).  Where a party to a contract has undertaken a
continuing duty to the other party, it is a continuing covenant, and each
failure to perform the duty is a separate breach.  See Salais v. Martinez, 603 S.W.2d
296, 297 (Tex. Civ. App.CEl Paso 1980, no writ) (recognizing
failure to repair was a continuing breach); Kaiser v. Northwest Shopping
Ctr., Inc., 587 S.W.2d 454, 457 (Tex. Civ. App.CDallas 1979, writ
ref=d n.r.e.) (AThe general rule
is that in the event of a material breach of contract, the promisee may treat
the breach as total and sue for all foreseeable future damages, or, if the
promisor has not repudiated the contract, the promisee may elect to treat the
breach as partial and bring successive suits for continued or successive
breaches.@). 
A cause of action for failure to perform the duty exists so long as
breaches of the covenant continue.  See
id. 

Appellant alleged UTCA=s failure to
repair the exterior wall of her condominium unit between the Fall of 1997 and
September 1998 constituted a breach of UTCA=s continuing
contractual duty to repair the common areas of the condominium, including the
exterior walls, imposed upon UTCA by the Declaration and Master Deed.  See Aghili v. Banks, 63 S.W.3d 812,
816 (Tex. App.CHouston [14th Dist.] 2001, pet. denied)
(recognizing condominium declarations are treated as contracts between the
parties); Mitchell v. LaFlamme, 60 S.W.3d 123, 128 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (same).  The
summary judgment proof offered by appellant established that she reported to
UTCA on more than one occasion that her condominium wall continued to leak
between the Fall of 1997 and September 1998. 
Appellant filed suit on September 8, 2000.  By showing only that the original leak
occurred more than four years before appellant filed suit, UTCA did not satisfy
its burden of proving its entitlement to judgment as a matter of law on the
affirmative defense of limitations.  UTCA
failed to address appellant=s claim that there
was a continuing breach by UTCA of its duty to repair the exterior walls of the
building housing appellant=s condominium
between the Fall of 1997 and September 1998. 
Therefore, we hold the trial court erred in granting UTCA=s motion for
summary judgment against appellant on her breach of contract claim, and we
sustain appellant=s first issue.  

II.       Negligence
and Gross Negligence

In her second issue on appeal, appellant
contends the trial court erroneously dismissed her negligence and gross
negligence causes of action based on the statute of limitations.








Generally, a cause of action accrues when
a wrongful act causes some legal injury, even if the fact of injury is not
discovered until later, and even if all resulting damages have not yet
occurred.  Murphy v. Campbell, 964
S.W.2d 265, 270 (Tex. 1997).  A party
only needs to be aware of enough facts to apprise him of his right to seek a
judicial remedy.  Booker, 103
S.W.3d at 491.  When a cause of action
accrues is a question of law for the court to decide.  Moreno v. Sterling Drug, Inc., 787
S.W.2d 348, 351 (Tex. 1990).  

UTCA argues the evidence affirmatively
establishes appellant knew by at least November 1993, the date she wrote the
letter, that the leak from the exterior wall was damaging her property;
therefore, according to UTCA, appellant was required to file a lawsuit for
negligence and gross negligence no later than two years thereafter.  Appellant did not file suit until September
8, 2000.  Appellant contends limitations
were tolled on these claims for three reasons: 
(1) the discovery rule; (2) the doctrine of continuing tort; and (3) the
doctrine of continuing violation.  

A.      The
Discovery Rule








The discovery rule will defer accrual of a
cause of action until the plaintiff knows or, by exercising reasonable
diligence, should know of facts giving rise to the claim.  Wagner & Brown, Ltd. v. Horwood,
58 S.W.3d 732, 734 (Tex. 2001).  The
discovery rule imposes a duty on the plaintiff to exercise reasonable diligence
to discover facts of negligence or omission. 
Booker, 103 S.W.3d at 492. 
It is a very limited exception and applies only when the nature of the
plaintiff=s injury is both inherently undiscoverable
and objectively verifiable.  Id.  An injury is inherently undiscoverable if, by
its very nature, it is unlikely to be discovered within the limitations period
despite the claimant=s due diligence.  S.V. v. R.V., 933 S.W.2d 1, 7 (Tex. 1996).  We determine if an injury is inherently
undiscoverable on a categorical basis, rather than looking to when a particular
plaintiff discovered the injury.  Horwood,
58 S.W.3d at 735.  Thus, the question in
this case is not whether appellant detected the alleged negligence within the
applicable limitations period; rather, we must decide whether the alleged
injury is the type of injury that is generally discoverable by the exercise of
reasonable diligence.  Id.

In Booker, the Bookers sued their
home builder for construction defects, which allegedly caused water to seep
into their house.  103 S.W.3d at
490.  The Bookers wrote a letter to Real
Homes in September 1997 claiming moisture was entering their home and the
windows and doors were leaking.  Shortly
after writing the letter, the Bookers noticed a musty odor inside the
house.  Real Homes performed repairs on
the house from November 1998 through January or February 1999, and the Bookers
were told the problem had been fixed. 
However, in July 1999, the Bookers discovered extensive water damage
inside the wall, which eventually led to mold infestation.  Id.

The Bookers claimed the discovery rule
applied and that limitations were tolled until they knew of the exact cause of
the leaks.  Id. at 492.  The court of appeals held the discovery rule
did apply, but that it only tolled limitations until the Bookers discovered the
leaks because discovery of the leaks was sufficient to put the Bookers on
notice of the injury and its general cause. 
Id.  The court concluded
the Bookers= claims for negligence and gross
negligence accrued, at the latest, when they wrote the letter in September 1997
complaining of leaks in their home.  Id.
at 492B93.  








Similarly, in Palmer, the Fort
Worth Court of Appeals held a customer=s cause of action
for negligence accrued when he first discovered leaks caused by the faulty
repair of his air conditioner.  969
S.W.2d at 586.  Sears had performed
repairs on Palmer=s air conditioner in April 1993, and one
month later, Palmer noticed the air conditioner was leaking water, which
accumulated in the return air shaft.  Id.
at 583.  Sears attempted to repair the
leak several times between June 1993 and July 1994.  When Palmer became ill in October 1994, he
had an environmental audit performed at his home and learned mold was growing
from the leak in the air conditioner.  Id.  Palmer alleged the discovery rule tolled
limitations because he could not have known through the exercise of reasonable
diligence of his personal injuries before October 1994.  Id. at 584.  The court, however, rejected Palmer=s arguments,
holding his cause of action for negligence accrued at the time Sears
negligently performed repairs to the air conditioner and not on the date when
the extent of the resulting damages were fully ascertainable.  Id. at 586.  

In this case, appellant was aware of the
leaks in March 1993 and orally reported those leaks to UTCA.  Additionally, appellant wrote UTCA a letter
in November 1993 expressing concerns about the Acontinual leaking
of the outside wall.@ 
Appellant was also allergic to mold and began having serious medical
problems within the first year of moving into the unit.  In fact, appellant applied for disability
retirement because of her allergies to dust and mold.  Appellant had sufficient facts to discover
the fact of injury; merely because appellant did not actually discover the mold
until September 1998 does not toll limitations. 
Following Booker and Palmer, appellant=s negligence and
gross negligence claims were tolled only until she became aware of the leaks in
March 1993.  Therefore, appellant=s claims of
negligence and gross negligence first asserted in September 2000 are not saved
by application of the discovery rule.  

B.      Doctrine
of Continuing Tort








Next, we consider whether the doctrine of
continuing tort applies to appellant=s causes of action
for negligence and gross negligence.  The
continuing tort exception, like the discovery rule, is a limited exception to
the general rules governing a cause of action=s accrual
date.  See Adler v. Beverly Hills
Hosp., 594 S.W.2d 153, 154, 155B57 (Tex. Civ. App.CDallas 1980, no
writ) (applying the doctrine of continuing tort to a false imprisonment cause
of action because the entire period of detention amounted to one continuous
tort, for which a single cause of action accrued when the imprisonment
ceased).  AA continuous tort
involves wrongful conduct that is repeated until desisted, and each day creates
a separate cause of action.@  Two Pesos, Inc. v. Gulf Ins. Co., 901
S.W.2d 495, 500 (Tex. App.CHouston [14th
Dist.] 1995, no writ) (recognizing trademark infringement is a continuous
wrong, giving rise to a claim for relief as long as the infringement
persists).  A continuing tort involves
both continuing wrongful conduct and a continuing injury, and does not accrue
until the defendant=s tortious conduct ceases.  See Upjohn Co. v. Freeman, 885 S.W.2d
538, 542 (Tex. App.CDallas 1994, writ denied) (holding
plaintiff=s factual allegations asserted a
continuing injury resulting from the continued use of Halcion put the
continuing-tort rule in issue).  The fact
that damages may accumulate later does not toll limitations.  First General Realty Corp. v. Maryland
Cas. Co., 981 S.W.2d 495, 502 (Tex. App.CAustin 1998, pet.
denied).  The exception is rooted in a
plaintiff=s inability to know that the ongoing conduct
is causing her injury; thus, when the plaintiff discovers her injury and its
cause, then the rationale for extending the accrual date no longer applies, and
the limitations period begins to run with her discovery.  Upjohn Co., 885 S.W.2d at 544.   

Here, appellant attempts to circumvent the
statute of limitations by contending that because UTCA attempted to repair the
leak numerous times, those attempts amount to a continuous chain of tortious
activity.  Appellant argues Aher injuries
developed over time as water continued to intrude into her home with each
successive rain.  Each occasion on which
water leaked into the exterior walls, new damage occurred, and more mold grew,
resulting in renewed exposure and renewed damage.@  Appellant is trying to string together
alleged tortious acts to create continuing wrongful conduct; however, merely
alleging multiple tortious acts does not create a continuing tort.  

The summary judgment record shows
appellant was aware of the wrongful conduct in March of 1993,  although she did not know the extent of her
injuries at that time.  The fact that
appellant=s injuries developed over time is not
sufficient to invoke the doctrine of continuing tort.  Thus, we hold the doctrine of continuing tort
is inapplicable to this case.  

C.      Doctrine
of Continuing Violation








Lastly, appellant contends the doctrine of
continuing violation extends limitations with respect to her negligence and
gross negligence claims.  In support of
her claim, appellant relies on Edwards v. Galveston-Texas City Pilots,
203 F. Supp. 2d 759, 766 (S.D. Tex. 2002), which applied the doctrine of
continuing violation to an employment discrimination claim.  (noting the Acontinuing
violation doctrine is a theory by which courts may toll or extend the statute
of limitations to allow a plaintiff to recover for acts that would otherwise be
time-barred where a defendant=s conduct appears
to be continuing in nature.@).

Under the continuing violation doctrine, a
plaintiff can toll limitations when there is a persisting and continuing system
of discriminatory practices.  Cooper-Day
v. RME Petroleum Co., 121 S.W.3d 78, 86 (Tex. App.CFort Worth 2003,
pet. denied).  AThe core idea of
the continuing-violation doctrine is that equitable considerations may require
that the filing period not begin until acts supportive of a civil rights action
are, or should be, apparent to a reasonably prudent person in the same or
similar position.@  Wal-Mart
Stores, Inc. v. Davis, 979 S.W.2d 30, 42 (Tex. App.CAustin 1998, pet.
denied); see also Abrams v. Baylor College of Medicine, 805 F.2d 528,
532B33 (5th Cir. 1986)
(AWhere the unlawful
employment practice manifests itself over time, rather than as a series of
discrete acts, the violation may be found to be a continuing one that >relieves a
plaintiff who makes such a claim from the burden of proving that the entire
violation occurred within the actionable period.=@).  We have not found any cases, nor has
appellant cited any, which apply the doctrine of continuing violation to a
cause of action other than employment discrimination or retaliation, and we
decline to extend its application to claims for negligence and gross
negligence. 

Based on the foregoing, we hold the trial
court did not err in granting UTCA=s motion for
summary judgment on appellant=s negligence and
gross negligence causes of action, and we overrule appellant=s second issue on
appeal.

Conclusion

We affirm the trial court=s judgment as to
appellant=s negligence and gross negligence causes
of action.  We reverse the trial court=s judgment as to
appellant=s breach of contract claim and remand that
claim to the trial court for further proceedings consistent with this
opinion.  








 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Majority and Dissenting Opinions filed July 7, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson. (Yates, J., dissents and
files a dissenting opinion).











[1]  Appellant
alleges in her brief the trial court improperly dismissed her claims for breach
of contract and warranty.  Appellant=s second amended petitionCher live pleading at the time judgment was signedChowever, does not contain an allegation of breach of
warranty; therefore, with respect to appellant=s first
issue, we will only address the breach of contract claim.