Stephen C. TENOWICH, et ux., Appellants,

v.

STERLING PLUMBING CO., INC., et al., Appellees.

No. C14–85–00906–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 1986.

Brenda Whitehead, Houston, for appellants.

Gregory T. Kenney, John B. Geddie, Houston, for appellees.

Before JUNELL, DRAUGHN and ELLIS, JJ.

OPINION

JUNELL, Justice.

Stephen and Loretta Tenowich appeal from a summary judgment in favor of Sterling Plumbing Company, Inc., Nadine Rhodes, Adrinne Abney, Paul Bree, and Century 21 Bice-Merrill. In their sole point of error, appellants contend the trial court

erred in granting the motion for summary judgment because a genuine issue of material fact existed as to when the statute of limitations began to run on their cause of action.

Appellants brought suit under the Texas Deceptive Trade Practices Act (DTPA), against the realtors who sold and plumbing contractors who built their home. Tex. Bus. & Com.Code Ann. section 17.56A requires all action under the DTPA be brought within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the complained of act or practice. Appellants filed suit on August 29, 1984. In their suit, appellants alleged that appellees had misrepresented to appellants the quality and condition of the plumbing in the house built and sold by appellees. Appellees' claim that appellants discovered the plumbing defects on August 6, 1982. The trial court granted the motion for summary judgment based on appellee's claim that the statute of limitations ran on August 6, 1984.

In deposition testimony appellant Stephen Tenowich stated he first experienced plumbing problems on July 4, 1982 when a small leak developed in the bathroom; another leak further down in the same pipe was discovered on August 6, 1982. At that time, appellant tore away the sheetrock covering the pipe and found the pipe contained five leaks in all. In his deposition testimony, appellant stated that finding multiple leaks in the pipe alerted him that there was a serious problem throughout the house. In the affidavit attached to their response to defendant's amended motion for summary judgment, appellants stated:

"We are Stephen Tenowich and Loretta Tenowich, Plaintiffs in case No. 84–53317. We are qualified and competent to make this Affidavit and all statements contained herein are true and correct to the best of our ability and knowledge. We purchased the house in question on or about February 26, 1982 and experienced a pipe leak on or about July 4, 1982. On or about August 6 1982, we encountered another pipe leak on the same pipe with which we had the same problem one month prior. At that point in time we removed the sheet rock to disclose all of the pipe and discovered that it had been repaired numerous times prior. From August 6, 1982 through September 1, 1982 we removed the remainder of the sheet rock exposing all of the pipes in the house. On September 1, 1982 an adjuster examined the pipes in the house making us aware of the extent of the damage to all of the pipes in the house.

On August 6, 1982 we suspected problems with the pipes in the house but it was not until September 1, 1982 with the help of our adjuster that we became aware of the extent of the problem."

■ Appellants claim that the trial court erred in granting the summary judgment because appellant Stephen Tenowich's deposition testimony contradicts his affidavit. If conflicting inferences may be drawn from the deposition and from the affidavit of the same party, a fact issue is presented. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 562 (Tex.1962); *Jones v. Hutchinson County,* 615 S.W.2d 927, 930 (Tex.Civ.App.—Amarillo 1981, no writ).

In this case no conflict exists between the deposition testimony and the affidavit of appellant Stephen Tenowich. In both the deposition and the affidavit Stephen Tenowich states the first leak occurred on July 4, 1982 and the second leak in the same pipe occurred on August 6, 1982 at which time he discovered multiple leaks in the pipe. The affidavit merely reiterates the testimony contained in the deposition. No conflict between the deposition and affidavit exists to preclude summary judgment.

■ Appellants claim that the statute of limitations did not began to run until September 1, 1982 when their claims adjuster examined the pipes and informed them of the extent of the damage. Appellants' dep-

osition and affidavit evidence shows that on August 6, 1982 they had knowledge of facts sufficient to constitute notice of the defects. *See Polk Terrace, Inc. v. Curtis,* 422 S.W.2d 603 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.); *Stephenson v. O'Neal,* 433 S.W.2d 804 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Although appellants may not have discovered the extent of the damages until September 1, 1982, their affidavit evidence and Stephen Tenowich's deposition testimony both establish that they knew or should have known of the facts giving rise to their cause of action on August 6, 1982. The statute of limitations began to run on August 6, 1982, when appellants discovered five leaks in the pipes and realized there was a serious plumbing problem throughout the house. *See Conann Constractors, Inc. v. Muller,* 618 S.W.2d 564, 566 (Tex. App.—Austin 1981, writ ref'd n.r.e.); *Jim Walter Homes, Inc. v. Castillo,* 616 S.W.2d 630, 634 (Tex.Civ.App.—Corpus Christi 1981, no writ). Appellants' cause of action is barred by the two-year statute of limitations. We overrule appellants' point of error and affirm the judgment.