United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50183
Summary Calendar
_____

LINDY RAY MATTHEWS,

Plaintiff-Appellant,

versus

CHARLES SPEIER, Division Director; BETTIE WELLS, Agent,
DPO Central Parole Supervision; OTHERS, ADDRESS UNKNOWN;
MARIA RAMIREZ, Supervisor DPO, San Antonio I,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A:03-CV-243-JN
- - - - - - - - - -

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

Lindy Ray Matthews, a federal prisoner (# 97243-079), appeals the district court's order granting the defendants' motion for summary judgment, based on the applicable two-year Texas limitations statute, in this 42 U.S.C. § 1983 civil rights action challenging Matthews's prior state custody.

In his pro se complaint, which was filed in April 2003, Matthews alleged that he was falsely imprisoned for 10 months during 1996 and 1997, after the defendants failed to notify him of the revocation of his "blue warrant," which had been issued an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

executed in 1996 based on Matthews's alleged violation of the terms of his state parole.

The district court did not err in granting summary judgment to defendants on the ground that Matthews's claim was barred by the applicable Texas limitations statute. The summary-judgment evidence reflected that Matthews's claim had accrued by late 1998, by which time Matthews's parole officer had informed him that the blue warrant had actually been revoked in May 1997, 10 months before Matthews was initially informed of the revocation and released on bond. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The limitations period expired two years after the claim accrued in late 1998. Hitt v. Connell, 301 F.3d 240, 246 (5th Cir. 2002). Matthews was not entitled to state-law tolling for "fraudulent concealment," because he was aware of the facts necessary to know that the claim existed. See Booker v. Real Homes, Inc., 103 S.W.3d 487, 493 (Tex. Ct. App. 2003).

The district court did not abuse its discretion in denying Matthews's motion for appointment of counsel, see Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986); his motion to compel discovery, see King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); and his motion for leave to amend his complaint. See Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

The judgment of the district court is AFFIRMED.