**Robert James LEE, Plaintiff–Appellant**

v.

**Gaye KARRIKER, Defendant–Appellee.**

No. 09–40968
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 24, 2010.

Robert James Lee, Tennessee Colony, TX, pro se.

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Robert James Lee, Texas prisoner # 1094546, appeals the dismissal of his 42 U.S.C. § 1983 complaint as untimely filed and frivolous, and for failure to state a claim upon which relief may be granted.[1] Lee seeks the removal of a 2003 notation in his prison records indicating that he once took part in an escape plot. He says the entry of the notation—a "security precaution designator"—violates his constitutional rights because he was not afforded a disciplinary hearing.

By his own admission, Lee first learned of the existence of the escape notation in his record at a classification hearing on August 14, 2003. It was on this date, then, that he became aware of the facts that might ultimately support a claim.[2] Yet Lee filed this federal complaint on June 14, 2008, well after the two-year statute of limitations had run.[3] He puts forth no legitimate reason to excuse this tardiness so we find his lawsuit time-barred.[4] And at any rate, Lee's alleged injuries do not implicate the deprivation of a constitutional right.[5] We AFFIRM the district court's dismissal of Lee's § 1983 action.

That said, Lee is entitled to a partial refund of the fee incurred in filing this lawsuit in the district court: according to our math, he overpaid. We VACATE the district court's judgment denying a refund, and DIRECT that court's clerk to refund any overpayment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See* 28 U.S.C. § 1915A(b)(1).

2. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.2001); *see also Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir.1994).

3. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir.2006) (applying Texas law's two-year statute of limitations to a Texas prisoner's § 1983 suit).

4. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990) (plaintiff must exercise due diligence to qualify for equitable tolling); *Rogers v. Ardella Veigel Inter Vivos Trust No. 2*, 162 S.W.3d 281, 290 (Tex.App.-Amarillo 2005, pet. denied) (continuing tort only exists when wrongful conduct is repeated over a period of time); *Booker v. Real Homes, Inc.*, 103 S.W.3d 487, 493 (Tex.App.-San Antonio 2003, pet. denied) (no fraudulent concealment when *defendant* did not have actual knowledge of the wrong) (emphasis added).

5. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767–68 (5th Cir.1997).