02-11-490-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00490-CV

 

 


 
 
 Jim and Rebecca Brown
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Caldwell & Family Custom Homes, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 362nd
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

        Appellants
Jim Brown and Rebecca Brown brought claims against appellee Caldwell &
Family Custom Homes, Inc. for negligence, breach of warranty, and violation of
the Deceptive Trade Practices-Consumer Protection Act (DTPA).[2]  The
trial court granted summary judgment for appellee on limitations grounds on
appellants’ negligence and DTPA claims.[3]  In
one issue, appellants argue that the trial court erred by granting appellee’s
motion for summary judgment because the limitations period was tolled by
application of the discovery rule.  We affirm.

Background
Facts

          Appellee
has been building homes throughout Carrollton, North Dallas, Plano, and Frisco
since 1997.  In 2005, appellants bought a home in Carrollton that had been
built by appellee in 1999 and had been lived in by previous owners.  Wade Otte
delivered an inspection report to appellants prior to the purchase.  Otte’s
report disclosed many concerns about the home, including a negative drain angle
on the front balcony and porch.  Additionally, the previous home owners
informed appellants that one of the balconies had leaked and had been repaired
by appellee.

          After
appellant Jim Brown noticed in 2007 that water was intruding on the ceiling at
the front of the house, appellants hired a contractor to restructure the
balconies and invited Patrick Caldwell, appellee’s president, to the home to
speak to the contractor.  Appellants’ contractor reported that the leaks had
been caused by faults in the original construction of the balconies.  Appellants
and Caldwell then exchanged several letters in which appellants requested that
Caldwell reimburse them for the cost of the repairs.[4] 
They were unable to come to an agreement.

Appellants
sued appellee in July 2009.  They asserted claims for negligent construction of
the balconies, for breach of the warranty of good and workmanlike construction,
and for violation of the DTPA.  Appellee answered the suit through a general
denial and by asserting that appellants’ claims were barred by a statute of
limitations.  Appellee filed a motion for summary judgment on that ground,
among others.  Appellants responded by asserting that the balcony flaws were
latent defects and thus the discovery rule tolled the statute of limitations.
The trial court granted appellee’s motion for summary judgment.  As to
appellants’ negligence and DTPA claims, the trial court expressly determined
that the claims were barred by limitations.  This appeal followed.

Standard
of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant is entitled
to summary judgment on an affirmative defense if the defendant conclusively
proves all elements of the affirmative defense.  Frost Nat’l Bank v.
Fernandez, 315 S.W.3d 494, 508–09 (Tex. 2010); see Tex. R. Civ. P.
166a(b), (c).

Appellee’s
Statute of Limitations Affirmative Defense

A
defendant moving for summary judgment on the affirmative defense of limitations
must conclusively establish that defense by (1) showing when the cause of
action accrued, and (2) negating the discovery rule, if it applies and has been
pled, by proving as a matter of law that there is no genuine issue of material
fact about when the plaintiff discovered, or in the exercise of reasonable
diligence should have discovered, the nature of the injury.  KPMG Peat
Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 
As appellants acknowledge, the statute of limitations on DTPA and negligence
claims is two years.  See Tex. Bus. & Com. Code Ann. § 17.565 (West
2011); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2012); KPMG
Peat Marwick, 988 S.W.2d at 749; Zavadil v. Safeco Ins. Co. of Ill.,
309 S.W.3d 593, 594 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); Pirtle
v. Kahn, 177 S.W.3d 567, 571 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied).

The
purpose of a statute of limitations is to “compel the exercise of a right [of
action] within a reasonable time so that the opposing party has a fair
opportunity to defend while witnesses are available and the evidence is fresh in
their minds.”  Brinker Tex., L.P. v. Looney, 135 S.W.3d 280, 284 (Tex.
App.—Fort Worth 2004, no pet.) (citing Cont’l S. Lines, Inc. v. Hilland,
528 S.W.2d 828, 831 (Tex. 1975)).  A cause of action accrues, and the statute
of limitations begins to run, when facts come into existence that authorize a
claimant to seek a judicial remedy.  Exxon Corp. v. Emerald Oil & Gas
Co., 348 S.W.3d 194, 202 (Tex. 2011) (op. on reh’g) (citing Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003)).  When
a cause of action accrues is normally a question of law.  Id.

The
discovery rule is a limited exception to the general principle that a statute
of limitations begins to run when an injury occurs, regardless of when the
plaintiff learns of the injury.  Computer Assocs. Int’l, Inc. v. Altai, Inc.,
918 S.W.2d 453, 455 (Tex. 1996) (op. on reh’g); Trinity River Auth. v. URS
Consultants, Inc.-Tex., 889 S.W.2d 259, 262 (Tex. 1994); Moreno v.
Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990).  The discovery rule
applies only when the “nature of the plaintiff’s injury is both inherently
undiscoverable and objectively verifiable.”  Shell Oil Co. v. Ross, 356
S.W.3d 924, 930 (Tex. 2011).  An injury is inherently undiscoverable if by its
nature, it is “unlikely to be discovered within the prescribed limitations
period despite due diligence.”  Id.; see Wagner & Brown, Ltd. v.
Horwood, 58 S.W.3d 732, 734–35 (Tex. 2001); Rashti v. GS Roofing
Prods., Inc., No. 02-03-00250-CV, 2004 WL 1879641, at *1 (Tex. App.—Fort Worth
Aug. 23, 2004, no pet.) (mem. op.).

When
the discovery rule applies, the period of limitations begins to run when the
plaintiff actually discovers, or with the exercise of reasonable diligence
should have discovered, the nature of the injury.  Moreno, 787 S.W.2d at
351; Holland v. Lovelace, 352 S.W.3d 777, 790–91 (Tex. App.—Dallas 2011,
pet. denied).  The plaintiff does not need to know the full extent of the
injury before the statute of limitations begins to run.  Dean v. Frank W.
Neal & Assocs., Inc., 166 S.W.3d 352, 356 (Tex. App.—Fort Worth 2005,
no pet.); see also PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P’ship,
146 S.W.3d 79, 93–94 (Tex. 2004) (stating that limitations begins to run under
the discovery rule even if the plaintiff does not know the specific cause of
the injury, the party responsible for it, the full extent of it, or the chances
of avoiding it); Bayou Bend Towers Council of Co-Owners v. Manhattan Constr.
Co., 866 S.W.2d 740, 743 (Tex. App.—Houston [14th Dist.] 1993, writ denied)
(“[A]ll that is required to commence the running of the limitations period is
the discovery of an injury and its general cause, not the exact cause in fact
and the specific parties responsible.”).

In Dean,
the plaintiffs contracted with the defendants to build their home.  166 S.W.3d
at 354.  After moving into the house in 1996, the plaintiffs noticed cracks
around the house and contacted the defendants to discuss possible remedies.  Id.
at 355.  When the defendants refused to pay for repairs, the plaintiffs sued
for negligence, breach of warranty, and violation of the DTPA, among other
causes of action, in January 2002.  Id.  The trial court granted the
defendants’ motion for summary judgment on the ground that the plaintiffs’
claims were barred by the statute of limitations.  Id.  The plaintiffs
contended that they could not have discovered the full extent of the house’s
foundation problems until they hired an engineer to examine the house in late
1998.  Id. at 356.  We held that the discovery rule did not toll the
statute until the plaintiffs learned of the actual cause of the injury but that
the limitations period instead began to run when the plaintiffs saw cracking in
the house and knew of some movement in the foundation.  Id. at 357.

Likewise,
in Booker v. Real Homes, Inc., the plaintiffs hired the defendant to
construct their home.  103 S.W.3d 487, 490 (Tex. App.—San Antonio 2003, pet.
denied).  Because of construction defects, the windows in the plaintiffs’ home
began to leak.  Id.  One year after moving into the house, the
plaintiffs wrote a letter to the defendant complaining of several issues in the
home, including leaky windows.  Id.  The plaintiffs had also noticed a
musty odor inside the home.  Id.  The defendant made repairs to the home
but the musty smell returned.  Id.  Three years after moving into the
home, the plaintiffs discovered toxic mold in the walls caused by the window
leaks.  Id.  The plaintiffs filed negligence and DTPA claims more than
two years after initially contacting the defendant about the leaky windows.  Id. 
The plaintiffs argued that the discovery rule tolled the statute of limitations
until they knew the exact cause of the leaks and that their knowledge of the
leaks themselves was insufficient to begin the limitations period.  Id.
at 492.  The San Antonio Court of Appeals disagreed, concluding that that “all
that is required to commence the running of the limitations period is the
discovery of an injury and its general cause, not the exact cause in fact and
the specific parties responsible.”  Id.; see also Rashti, 2004 WL
1879641, at *1–2 (holding that the limitations period began to run when a
shopping center owner discovered leaks in her building and not when she
discovered the specific condition that caused the leaks).

Appellants
argue that their balcony leak, which caused damage to the inside of their home,
was a latent defect, therefore tolling the limitations period under the
discovery rule.  A latent defect is one that is not discoverable by a
reasonably prudent inspection.  Gupta v. Ritter Homes, Inc., 646 S.W.2d
168, 169 (Tex. 1983); 7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys.,
Inc., 245 S.W.3d 488, 503 (Tex. App.—Houston [14th Dist.] 2007, pets.
denied) (op. on reh’g).  Appellants claim that they did not discover any
defects until the balconies began leaking water inside their home in 2008 and,
as such, the statute of limitations should be tolled until that point.  But
Otte’s home inspection report, which he delivered to appellants in the latter
part of 2005, stated in part,

The inspection is of conditions which are present and
visible at the time of the inspection. . . .

          This report is intended to provide you with
information concerning the condition of the property at the time of the
inspection.  Please read the report carefully. . . .

          . . . .

          A negative drain angle was noted at the
front porch and the balcony above (porch/balcony slopes toward the house). 
This is improper and should be further investigated by a structural
engineer to determine what if any repairs should be [completed] and by a
qualified contractor to determine if any damage has occurred prior to
closing on this house.  The engineer should also rule out damage to the
structure of the house.

          . . . .

          Rust was noted at the flashing to the west of
the main upper level balcony door.  This appears to be one of the areas
where water is holding.  This should be further investigated and repaired
as needed.  [Emphasis added.]

          Appellants
argued in the trial court that appellee had “brought forth no evidence to
support its claim that [appellees were] aware of the leak any earlier than
2008.”  Appellant Jim Brown’s affidavit states that at the time he and his wife
bought the house, they were not aware of water penetration issues on the
balcony.  Although the inspection report did not specifically convey to
appellants that the balconies leaked water into their home, it did put them on
notice that the balconies had a drainage problem, and it advised them to
investigate the problem and to determine if any damage had been caused by it.  Cf.
Irwin v. Nortex Found. Designs, Inc., No. 02-08-00436-CV, 2009 WL 2462566,
at *5 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.) (mem. op.) (holding that an
engineering report demonstrated that the plaintiffs were on notice of their
house’s potential foundation problems and that the plaintiffs could have
discovered the problems by exercising reasonable diligence).

In
the trial court, appellants argued that the damage to the inside of their home
was caused, in part, by the fact that a “rubber pan was not attached to the [balcony’s]
flashing[,] allowing the water to run under the flashing and into the
residence.”  Thus, on appeal, appellants appear to contend that the inspection
report, which described rusted flashing and a negative drain angle but not the
absence of a rubber pan, was insufficient to show that with reasonable
diligence, they should have discovered the leak.  But in appellants’ summary
judgment evidence, they conceded that the water damage in their home was at
least partially caused by the negative drain angle that the inspection report
warned them about, even if it was also caused by other factors.  Specifically,
in January 2009, in a letter to Caldwell, appellant Jim Brown stated that contractors
he had hired had opined about “many issues with the original construction that [had]
caused the leaking of the balcony,” including “Slope:  The large balcony
sloped 1 ½ [inches] in towards the house.  This caused water to sit on the
balcony and run to the back of it.”  [Emphasis added.]  Regarding the
rubber pan, Brown’s letter to Caldwell stated, “The rubber pan was not attached
in [any way] to the metal flashing . . . , so as water would run back
towards the house it would go right under the metal flashing.”  [Emphasis
added.]

We
conclude that the combination of Otte’s inspection report, which disclosed the
negative drain angle and advised appellants to determine whether that condition
had caused damage, and of appellants’ concession that the negative drain angle partly
caused the damage of which they complain, comprise conclusive evidence that with
the exercise of reasonable diligence, appellants should have discovered the
nature of the injury at the time that they received the report in 2005.  See
Moreno, 787 S.W.2d at 351; Dean, 166 S.W.3d at 357.[5] 
Appellants’ later discovery of the issue with the flashing and the rubber pan
is immaterial to whether, as a result of the report about the negative drain
angle, they should have discovered the nature of their injury in 2005.  See Bayou
Bend, 866 S.W.2d at 743 (holding that the plaintiff must only discover an
injury and general cause but not the exact cause in fact to commence the
running of the limitations period).

Therefore,
we hold that even if the discovery rule applied to the facts of this case, the two-year
statute of limitations for appellants’ negligence and DTPA claims began to run,
at the latest, in 2005, when they received the inspection report and, with
reasonable diligence, should have discovered the nature of their injury.  See
Moreno, 787 S.W.2d at 351; Dean, 166 S.W.3d at 357.  Because
appellants did not file those claims until 2009, we hold that they are barred
by limitations and that the trial court did not err by granting appellee’s
motion for summary judgment.

Furthermore,
the trial court granted summary judgment on appellants’ breach of warranty
claim on the ground that the defect was not latent.[6]  See
Gupta, 646 S.W.2d at 169 (stating that the implied warranty that a building
constructed for residential use has been constructed in a workmanlike manner
covers “latent defects not discoverable by a reasonably prudent inspection of
the building at the time of sale”).  For the reasons stated above, the summary
judgment evidence conclusively establishes that the alleged defect in
appellee’s construction of appellants’ home was not latent (because it was
discoverable through a reasonably prudent inspection), so we hold that the
trial court correctly granted summary judgment on the breach of warranty claim
as well.  See id.

For
all of these reasons, we overrule appellants’ sole issue.

Conclusion

Having
overruled appellants’ issue, we affirm the trial court’s judgment.

 

 

 

Terrie Livingston
chief justice

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and MEIER, JJ.

 

DELIVERED:  October 4, 2012








 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00490-CV

 

 


 
 
 Jim
 and Rebecca Brown
  
  
 v.
  
  
 Caldwell
 & Family Custom Homes, Inc.
 
 
 §
  
 §
  
 §
  
 §
  
 
 
 From the 362nd District
 Court
  
 of Denton County (2009-40210-362)
  
 October
 4, 2012
  
 Opinion
 by Chief Justice Livingston
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

It
is further ordered that appellants Jim and Rebecca Brown shall pay all of the
costs of this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Chief Justice Terrie Livingston

 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Bus. &
Com. Code Ann. § 17.41 (West 2011).





[3]The court also granted
summary judgment against appellants’ breach of warranty claim because the
“defect was not latent.”





[4]Appellants’ homeowner’s
insurance company declined to cover the cost of the repairs.





[5]Because we hold that the
summary judgment evidence conclusively establishes that appellants should have
discovered the nature of their injury by exercising reasonable diligence after
receiving the inspection report, we conclude that the statement in Jim Brown’s
affidavit that he did not actually know of water penetration issues until 2007
is immaterial.  See Moreno, 787 S.W.2d at 351 (“When applied, the [discovery]
rule operates to toll the running of the period of limitations until the time
that the plaintiff discovers, or through the exercise of reasonable care and
diligence should discover, the nature of his injury.”).





[6]Although appellants’ brief
does not contain argument particularly related to their breach of warranty
claim, we have broadly construed the brief as challenging the summary judgment
on all three claims.